ATLE LYGREN, Appellant,
PARFI HOLDING AB, GUNNAR GILLBERG, PLENTEOUS CORP. and GRANDSEN, LTD., Plaintiffs Below-Appellants,
v.
MIRROR IMAGE INTERNET, INC., XCELERA.COM, INC., ALEXANDER M. VIK, GUSTAV VIK and HANS MAGNUS FAJERSON, Defendants Below-Appellees.
No. 10, 2010.
Supreme Court of Delaware.
Submitted: February 15, 2010.
Decided: February 23, 2010.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 23rd day of February 2010, it appears to the Court that:
(1) This is an appeal from the Court of Chancery's December 8, 2009 order denying the motion of the appellant, Atle Lygren, to reopen a derivative action in the Court of Chancery in order to permit him to join as a party plaintiff. On January 25, 2010, prior to the filing of Lygren's opening brief, the appellees filed a motion to dismiss the appeal on the grounds that Lygren forfeited any claim to appellate standing by failing to timely intervene in the Court of Chancery proceedings and Parfi Holding AB ("Parfi") and Plenteous Corp. ("Plenteous") may not appeal because they are not represented by counsel. We conclude that the motion to dismiss should be granted on those grounds.
(2) The record reflects that, in a memorandum opinion dated September 4, 2008 and in an order dated September 11, 2008, the Court of Chancery dismissed the derivative claims brought by Parfi and Plenteous. On October 14, 2008, Lygren filed a pro se notice of appeal in this Court in No. 518, 2008, even though he was not a party to the underlying action. Lygren, who is not an attorney, identified himself as the "representative" of appellants Parfi and Plenteous.
(3) On October 15, 2008, this Court directed Lygren to have counsel enter an appearance on behalf of the corporate appellants on or before October 27, 2008. Instead of obtaining counsel as directed by the Court, however, Lygren filed a "motion for substitution," which sought to substitute him for appellants Parfi and Plenteous on the basis of an alleged assignment of their rights to Lygren. The Court denied the motion on the grounds that a) Lygren's failure to intervene in the Court of Chancery had worked a forfeiture of any claim of appellate standing; and b) Lygren's claim was a transparent attempt to circumvent the Court's requirement that counsel be obtained.[1] The Court also denied Lygren's subsequent motions for reargument[2] and for a rehearing en banc.[3]
(4) Dismissal under Supreme Court Rule 29(b) "may be ordered . .. for failure to comply with any . . . order of the Court, or for any other reason deemed by the Court to be appropriate." The record in this case reflects that this Court previously ruled that Lygren forfeited any claim of appellate standing by failing to timely intervene in the Court of Chancery action. That ruling is the law of the case.[4] Moreover, corporate appellants Parfi and Plenteous may not pursue this appeal because they are not represented by counsel, as required by Delaware law.[5] Because neither Lygren nor the corporate entities may pursue this appeal, we conclude that it must be dismissed.
NOW, THEREFORE, IT IS ORDERED that the appellees' motion to dismiss is GRANTED.
NOTES
[1] Parfi Holding AB v. Mirror Image Internet, Inc., Del. Supr., No. 518, 2008, Berger, J. (Jan. 12, 2009).
[2] Parfi Holding AB v. Mirror Image Internet, Inc., Del. Supr., No. 518, 2008, Berger, J. (Jan. 29, 2009).
[3] Parfi Holding AB v. Mirror Image Internet, Inc., Del. Supr., No. 518, 2008, Berger, J. (Feb. 2, 2009).
[4] Cede & Co. v. Technicolor, Inc., 884 A.2d 26, 38-39 (Del. 2005).
[5] Transpolymer Indus., Inc. v. Chapel Main Corp., Del. Supr., No. 284, 1990, Horsey, J. (Sept. 18, 1990).