**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

July 5, 2016

Ms. Sinina Talley
100 Brooklyn Avenue
Apartment LL
P.O. Box 7143
Freeport, NY 11520

Ms. Wendy Scott
P.O. Box 1742
Apex, NC 27502

Mr. Danny Washington
155 West Greenwich Street
Apartment W520
Hempstead, NY 11550

Ms. Ruth Norman
212 Manhattan Avenue
Roosevelt, NY 11575

Mr. Theodore Norman
212 Manhattan Avenue
Roosevelt, NY 11575

Ms. Theresa Washington
220 Christiana Road
New Castle, DE 19720

Re: ***Trinity School of the Bible Trustees Sinina Talley, et al. v. Trinity School of the Bible Officers Ruth Norman, et al.***
Civil Action No. 11923-VCMR

Dear Parties:

I have considered the filings in this case, the exhibits attached thereto, and the applicable laws. For the reasons stated herein, the plaintiffs' complaint (the "Complaint") is dismissed without prejudice.

Pro se litigants Sinina Talley, Wendy Scott, and Danny Washington ("Plaintiffs"), and Theresa Washington, Ruth Norman, and Theodore Norman ("Defendants"), are members of Trinity School of the Bible ("Trinity"), a Delaware not-for-profit corporation.[1] Trinity is a religious education and charitable community outreach center.[2] The parties hereto are members of Trinity's board (the "Board").

On May 18, 2014, Delores Washington, the founder and former president of Trinity, passed away leaving the Board with the six above-listed members. After Delores Washington's death, a myriad of disagreements arose among the Board.[3] On July 7, 2014, Plaintiffs contacted the Delaware Center for Justice to request mediation services, but Defendants refused to participate in any mediation. On January 21, 2016, Plaintiffs filed the Complaint in this action against Defendants.

In the Complaint, Plaintiffs allege a series of mismanagement claims against Defendants that appear to be derivative in nature.[4] For example, Plaintiffs argue

---

[1] The facts are drawn from the Complaint and the exhibits attached thereto.

[2] Compl. at 2.

[3] *Id.*

[4] *See, e.g., id.* at 3 ("The Plaintiffs are aggrieved because they have suffered extreme disrespect and abuse in attempting to carry out their roles as trustees which in turn would propel the school forward. As stated, because the School Board has been barred from functioning normally, including legally as a Non-

that Defendant Theresa Washington seized control of Trinity's bank accounts by misrepresenting to PNC and M&T Banks that the Board authorized her to close those bank accounts. Further, Defendants allegedly failed to hold and attend Board meetings as needed and when appropriate, which prevented Plaintiffs from carrying out their duties as trustees. Similarly, Defendants purportedly refused to disclose lease information and financial statements. In sum, Plaintiffs contend that "Trinity School of the Bible, its students and the community as a whole ha[ve] [sic] been injured by the misconduct of Defendant . . . ."[5]

These claims are derivative in nature and, therefore, belong to Trinity.[6] A corporate entity may appear as a party in this Court only if represented by a member of the Delaware Bar.[7] Likewise, a derivative plaintiff seeking to enforce

---

Profit, the mission of the school and the school itself is in danger of permanent closure and forfeiture of its privilege to maintain its 501(c)3 status."); *see also id.* at 5 (alleging, among other things, corporate misconduct, malfeasance, breach of fiduciary duties, misappropriation of funds, and fraud).

[5] *Id*. at 13.

[6] *See Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004); *see also Kramer v. W. Pac. Indus., Inc.*, 546 A.2d 348, 353 (Del. 1988) ("A claim of mismanagement . . . represents a direct wrong to the corporation that is indirectly experienced by all shareholders. . . . Thus, the wrong alleged is entirely derivative in nature.").

[7] *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990) (TABLE) ("While a natural person may represent himself or herself in court even though he or she may be an attorney licensed to practice, a corporation, being an

rights on behalf of a corporation must be represented by counsel.[8] Because

Plaintiffs may not pursue this action pro se, the Complaint is dismissed without

prejudice.

**IT IS SO ORDERED**.

Sincerely,

*/s/ Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp

---

artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law.").

[8] *Lygren v. Mirror Image Internet*, 992 A.2d 1237 (Del. 2010) (TABLE) ("[C]orporate appellants Parfi and Plenteous may not pursue this appeal because they are not represented by counsel, as required by Delaware law."); *see also Pinnavaia v. J.P. Morgan Chase & Co.*, 2015 WL 5657026, at *1 (Del. Ch. Sept. 11, 2015) ("A derivative plaintiff seeks to 'enforce a right of a corporation,' and corporations appearing in this Court may only do so through counsel. Thus, the derivative plaintiff who asserts the rights of the corporation must also be represented by counsel.").